METZGER & BEACH, Respondents, v. O. W. and M. W. CHILDS, Appellants.

No. 3945; December 29, 1874.

**Secret Trust for Creditors—Accounting.—An Action Against a Trustee,** under a secret trust, by the cestui que trust for an accounting is not to be dismissed as against public policy because at the time the trust was made the secret trustee was a pretended complaining creditor—there being other creditors at the time—and assumed to attach and hold the property for his individual debt; provided the real intention had by the cestui que trust and the effect of the transaction were to pay off all the creditors.

APPEAL from Seventeenth Judicial District, Los Angeles County.

The plaintiffs had owed money to the defendants, to recover which the defendants had sued them and attached some of their property, to wit, six thousand sheep. On the ground that this property was self-consuming the attaching creditors had procured an order of court to sell it; the sale had been made accordingly and one of these creditors, O. W. Childs, had become the nominal purchaser. Thereafter judgment had been rendered as demanded and execution issued, the sheriff had reported the sale and the judgment been satisfied. While this, so far, was the formal aspect of the case, the inside facts were to the effect that the sale and the holding under it, etc., were had with the consent of Metzger and Beach, which had been gained from the latter through the persuasions of the others. The property could readily have brought a higher price than that reported by the sheriff, but the purchaser was, in fact, trustee for Metzger and Beach in the matter, and was to hold the sheep, care for and manage them, and by the selling one here and there and by selling all the wool and the offspring was—or were, for O. W. represented M. W. Childs as well as himself—to raise the means for taking up and satisfying all the debts of Metzger and Beach, to whomsoever owing, after which there was to be a retransfer of the residue of the sheep to the old owners. Indeed, the more effectually to reach this aim the latter were to, and did, hand over to the others all the rest of their flock, seven hun-

dred in number, making six thousand seven hundred in all thus under the control of O. W. and M. W. Childs. The complaint in the present action went on: "And plaintiffs say that the defendants wholly refuse to render any fair and just account of their administration of said trust, but on the contrary claim large amounts against the trust fund to which they are in no wise entitled." The prayer was for an accounting, etc.

Kewen & Howard for respondents; Glassell, Chapman & Smith for appellants.

McKINSTRY, J.—The contract, so far as it authorized the purchase of the outstanding claims against the plaintiffs, was executed by the defendants. No creditor of the plaintiffs is interested in the result of this controversy, and no principle of public policy required the court below to dismiss the action.

The contract alleged was an entire contract, and proof of the fact that the defendants surrendered the possession of the sheep, which constituted their security, before a full compliance with their promise to buy up the outstanding indebtedness, was not a material variance from the terms of the contract alleged.

Judgment affirmed.

We concur: Niles, J.; Rhodes, J.